# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D. DUSTIN, | CASE NO. 1:08-cv-00380-LJO-GSA PC |
| Plaintiff, | ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT, AND DENYING MOTIONS FOR FEDERAL PROTECTION BASED ON LACK OF JURISDICTION |
| v. | |
| CAPTAIN TYSON, et al., | |
| Defendants. | (Docs. 15 and 17) |
| | THIRTY-DAY DEADLINE TO FILE AMENDED COMPLAINT |

Plaintiff D. Dustin ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On November 24, 2008, Plaintiff filed a motion seeking federal protection, and on December 15, 2008, Plaintiff filed a motion seeking an extension of time to file an amended complaint and a motion for a transfer into federal custody due to safety concerns.  Plaintiff filed a similar motion on October 6, 2008, which was denied by the Court on October 14, 2008.

Plaintiff is housed at High Desert State Prison, and the claims at issue in this action arise against prison officials at Kern Valley State Prison from events which occurred when Plaintiff was housed at that prison.  (Doc. 1.)  This Court has already explained to Plaintiff that it has no jurisdiction over prison official at High Desert State Prison concerning Plaintiff's current conditions of confinement there.  (Doc. 10.)  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.,

454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); <u>Jones v. City of Los Angeles</u>, 444 F.3d 1118, 1126 (9th Cir. 2006).

In its order of October 14, 2008, the Court took what limited action it has the ability to take when it requested that a copy of the order be served on the warden and that he look into Plaintiff's safety concerns. That course of action was taken as a courtesy to Plaintiff in light of the seriousness of his allegations, and in the December 15 motion, Plaintiff complains of that action.

<u>There is nothing the Court can do in this action to remedy Plaintiff's concerns about his housing at High Desert State Prison</u>. There are other avenues of relief available to Plaintiff, including filing a civil rights action in the Sacramento Division raising claims based on Plaintiff's conditions of confinement,[1] or seeking relief via a habeas petition filed in state court. See <u>In re Estevez</u>, 83 Cal.Rptr.3d 479, 490-91 (Cal.App.5th 2008). The Court *cannot* - regardless of the seriousness of the allegations - exercise jurisdiction over prison officials at High Desert State Prison in this action, and Plaintiff's motions for placement in federal custody are denied.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for a thirty-day extension of time to file his amended complaint, filed December 15, 2008, is GRANTED; and
2. Plaintiff's motions for a preliminary injunction, filed November 24, 2008, and December 15, 2008, are DENIED on the ground that the Court lacks jurisdiction in this action to issue the orders sought by Plaintiff.

IT IS SO ORDERED.

**Dated:   December 24, 2008**          /s/ Lawrence J. O'Neill
                                   UNITED STATES DISTRICT JUDGE

---

[1] Venue for claims arising from events at High Desert State Prison is proper in the Sacramento Division of the Eastern District of California.