# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D. DUSTIN,<br><br>          Plaintiff,<br><br>    v.<br><br>CAPTAIN TYSON, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:08-cv-00380-LJO-GSA PC<br><br>ORDER GRANTING MOTIONS FOR COPY OF COMPLAINT, AND FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT<br><br>(Docs. 23, 25, and 26)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 25)<br><br>THIRTY-DAY DEADLINE |

Plaintiff D. Dustin is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 17, 2008, and on September 30, 2008, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure. Plaintiff's previous motions seeking an extension of time to file an amended complaint were granted on November 13, 2008, December 24, 2008, and January 30, 2009. Now pending before the Court are Plaintiff's motions seeking a copy of his complaint, another extension of time, and the appointment of counsel.

Plaintiff was previously sent a copy of his complaint. However, in light of Plaintiff's intervening prison transfers, the Court will grant his motion for another copy and for an extension of time to amend. Plaintiff shall file an amended complaint within thirty days from the date of service of this order.

In amending his complaint, Plaintiff is HEREBY NOTIFIED that he must submit a "clearly legible" pleading. Local Rule 7-130(b). Further, under section 1983, Plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).

Since the Court screened Plaintiff's original complaint in 2008, the United States Supreme Court clarified what is required to state a claim under Rule 8(a). See Moss v. U.S. Secret Service, No. 07-36018, 2009 WL 2052985, *8 (9th Cir. July 16, 2009) (noting "significant change" under Supreme Court's latest pleading cases). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal at 1949-50. Each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948-49.

Finally, Plaintiff's motion for the appointment of counsel is denied, without prejudice. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, or that Plaintiff cannot adequately articulate his claims. Id.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motions for a copy of his complaint, filed January 29, 2009, March 10, 2009, and August 17, 2009, are GRANTED, and the Clerk's Office shall send Plaintiff a copy of his original complaint;

2. Plaintiff's motions for an extension of time to file an amended complaint, filed March 10, 2009, and August 17, 2009, are GRANTED, and Plaintiff has **thirty (30) days** from the date of service of this order within which to file an amended complaint; and

3. Plaintiff's motion for the appointment of counsel, filed March 10, 2009, is DENIED.

IT IS SO ORDERED.

Dated: **August 19, 2009**         /s/ **Gary S. Austin**
                                                                  UNITED STATES MAGISTRATE JUDGE