# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D. DUSTIN,<br><br>        Plaintiff,<br><br>    v.<br><br>CAPTAIN TYSON, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:08-cv-00380-LJO-GSA PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND DISQUALIFICATION BE DENIED AND DISMISSAL OF ACTION, WITHOUT PREJUDICE, FOR FAILURE TO OBEY A COURT ORDER<br><br>(Doc. 34) |

      Plaintiff D. Dustin, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 which was dismissed with leave to amend on September 30, 2008. Plaintiff has requested and received multiple extensions of time to file an amended complaint. Most recently, on January 29, 2010, the Court issued an order granting Plaintiff's November 23, 2009, motion for an extension of time. In light of the lengthy time period in which Plaintiff had to comply with the Court's order to amend his complaint, the Court was clear that it was a final extension. Plaintiff's amended complaint was due on or before March 3, 2010. On February 11, 2010, Plaintiff filed another motion seeking a copy of his complaint and a thirty-day extension of time, which was denied and Plaintiff was advised that failure to file an amended complaint on or before March 3, 2010 would result in dismissal of this action. On March 1, 2010, Plaintiff filed an affidavit wherein he requested disqualification of the undersigned, another copy of his complaint, and an unspecified extension of time to file his amended complaint.

      Disqualification is required if a judge's impartiality might reasonably be questioned, or if the

1

judge has a personal bias or prejudice for or against a party. Hasbrouck v. Texaco, Inc., 842 F.2d 1034, 1045 (9th Cir. 1988) (citing 28 U.S.C. §§ 455(a), 455(b)(1)), aff'd, 496 U.S. 543, 110 S.Ct. 2535 (1990). "The bias must stem from an extrajudicial source and not be based solely on information gained in the course of the proceedings." Id. (citing In re Beverly Hills Bancorp, 752 F.2d 1334, 1341 (9th Cir. 1984)). Plaintiff's disagreement with the Court's judicial rulings in this case does not constitute a valid basis for a bias or partiality motion. In re Focus Media, Inc., 378 F.3d 916, 930 (9th Cir. 2004) (citing Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147 (1994)).

Plaintiff's request for disqualification of the undersigned because he is not being given further extension of time to file his amended complaint does not make the requisite showing such that his motion for disqualification/recusal of the undersigned should be denied.

Plaintiff has had ample time to draft a legible pleading in compliance with Federal Rule of Civil Procedure 8(a), particularly since the facts in support of Plaintiff's claims should be fully known to Plaintiff. Plaintiff has had almost seventeen months within which to file an amended complaint. Therefore, Plaintiff's motion for another extension of time and copy of his original complaint should be denied .

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure

comply with court order); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. <u>Thompson</u>, 782 F.2d at 831; <u>Henderson</u>, 779 F.2d at 1423-24; <u>Malone</u>, 833 F.2d at 130; <u>Ferdik</u>, 963 F.2d at 1260-61; <u>Ghazali</u>, 46 F.3d at 53.

In the instant case, the court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. <u>Ferdik v. Bonzelet</u>, 963 F.2d at 1262; <u>Malone</u>, 833 at 132-33; <u>Henderson</u>, 779 F.2d at 1424. The court's order of February 16, 2010 denying further extension of time expressly stated: "this action will be dismissed if Plaintiff fails to file an amended complaint on or before march 3, 2010." Thus, plaintiff had adequate warning that dismissal would result from his noncompliance with the court's order.

Accordingly, the court HEREBY RECOMMENDS that:

    1. Plaintiff's motion for disqualification/recusal of the undersigned be denied;

    2. Plaintiff's motion for another extension of time and copy of his original complaint be denied; and

    3. this action be dismissed, without prejudice, based on plaintiff's failure to obey the court's order of February 16, 2010.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**

**days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 8, 2010**          _____/s/ **Gary S. Austin**_____
                                             UNITED STATES MAGISTRATE JUDGE